IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2176-BO

| | |
|---|---|
| CARROLL BRIAN HATHAWAY, )<br>　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　 )<br>　　v.　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>ROBERT G. JONES, )<br>　　　　　　Respondent. ) | O R D E R |

Carroll Brian Hathaway, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion for summary judgment [D.E. 8]. Petitioner was given proper notice of the motion; however, petitioner has not responded to the pending motion. The matter is ripe for adjudication.

I.　Background

On November 2, 2010, in the Superior Court of Pitt County, petitioner plead guilty to first degree burglary [Pet, # 1-6]. He was sentenced, pursuant to the terms of his plea bargain, to a term of 67-90 months imprisonment [Supporting Mem., see copy of printed transcript of plea form at Exhibit 1, judgment and commitment form at Exhibit 2, and indictment at Exhibit 3]. Petitioner was represented by Michael Fox [Pet., # 16]. Petitioner did not appeal the conviction and sentence [Supporting Mem., see attached state record which is devoid of appeal; see also, pet., # 16(e)].

On May 16, 2011, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking a belated appeal [Supporting Mem., Exhibit 4]. On May 27, 2011, the state filed a response, and on June 2, 2011, certiorari was denied [Id., Exhibit 5 and 6]. On June 16, 2011, petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of

Pitt County [Id., Exhibit 7]. On June 21, 2011, by order filed June 23, 2011, the MAR was denied [Id., Exhibit 8]. On July 25, 2011, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking review of the denial of the MAR order [Id., Exhibit 9]. On August 2, 2011, certiorari was denied [Id., Exhibit 11]. On September 12, 2011, the petition before this court today was filed.

II.  Issues

Petitioner asserts three issues: (1) the trial court erred in sentencing petitioner to a degree of crime not supported by the indictment; (2) ineffective assistance of counsel; and (3) an involuntary plea.

III.  Discussion

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas

3

jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, No. 11-6640, 2011 WL 4528510 (U.S. Dec. 5, 2011).

a. Ineffective Assistance of Counsel and Knowing and Voluntary Plea

The court shall rearrange petitioner's issues, reviewing ineffective assistance of counsel and the voluntariness of the plea together and then turn to petitioner's first asserted claim. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. See, e.g., Bobby v. VanHook, 130 S. Ct. 13, 16 (2009) (per curiam); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 686-88 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. The court, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). Second, a petitioner must prove he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner's sworn statements are binding in the absence of "clear and convincing evidence to the contrary." Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); Parke v. Raley, 506 U.S. 20 (1992)

4

(judgment and guilty plea forms sufficient to obtain presumption of correctness). Here, petitioner's conclusory allegations do not overcome this "formidable barrier" created by his sworn statements in the transcript of plea. Blackledge, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ."). Petitioner has failed to show that the representation he received fell below an objective standard of reasonableness or prejudiced his defense. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 686-88.

On the transcript of plea form indicates that petitioner swore under oath in open court, that he discussed his case with his lawyer, his lawyer explained the nature of the charges, every element of each charge, he understood every element of the charges, discussed possible defenses, and was satisfied with his lawyer's legal services. [Supporting Mem., Exhibit 1, "Transcript of Plea"] Petitioner pled guilty and the only terms and conditions of his plea bargain were as follows:

> The Defendant will plead guilty to 1st Degree Burglary and receive an active sentence of 67 months to 90 months. The remaining charges will be dismissed.

[Id., Exhibit 1, at page 3] Petitioner swore no one made any other promises or threatened him in any way to cause him to enter his plea against his wishes. [Id., Exhibit 1]

The court finds the plea was voluntary, informed, and intelligent as required by Boykin v. Alabama, 395 U.S. 238 (1969). The court further finds defendant, as illustrated by the plea, comprehended his constitutional protections to which he was and is entitled and the charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). No extraordinary circumstances existed or have been asserted and the solemn in-court representations of a defendant should be deemed conclusive. Little v. Allsbrook, 731 F.2d 238, 240 n.2 (4th Cir.

5

1984); Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981). The court finds that the plea was knowingly and voluntarily entered into by defendant with the advice of competent counsel.

b. Sentence Not Supported By Indictment

Petitioner's final argument is that he should only have been sentenced to a Class E felony not a Class D becuase he was only indicted for attmepted first-degree burglary, but pled guilty to first-degree burglary. Petitioner was indicted for first-degree burglary [Supporting Mem., Exhibit 3, Copy of Indictment.] Thereafter, petitioner plead guilty. Thus, he raises an issue which occurred prior to the entry of the guilty plea, an issue regarding the indictment and charges contained therein.

"[A] guilty plea represents a break in the chain of events which had preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). A guilty plea made intelligently and voluntarily with the advice of competent counsel effects a waiver of all antecedent non-jurisdictional defects. Id. ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (same). Because petitioner entered a valid guilty plea with competent counsel as set out above, he may not now challenge antecedent non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. at 261-67; United States v. O'Connor, 317 Fed. App'x 316, 319 (4th Cir. 2008) (insufficiency of evidence claim is foreclosed by a valid guilty plea); United States v. Williams, 247 Fed. App'x 423, 426 (4th Cir. 2007) (unpublished) (failure by the foreperson to sign the indictment is a non-jurisdictional error that is foreclosed by a guilty plea); United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005); United States v. DeVaughn, 73 F.

App'x 627, 628 (4th Cir. 2003) (citing Tollett). Specifically, if any error occurred in petitioner's indictment, it was non-jurisdictional, non-prejudicial and harmless under the circumstances of this case. See generally, United States v. Cotton, 535 U.S. 625, 631 (2002) (omission of an essential fact from a federal indictment is not a jurisdictional defect and the error was found not prejudicial). The claim is dismissed.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## V. Conclusion

Accordingly, Respondent's Motion for Summary Judgment [D.E. 8] for dismissal of the habeas corpus petition is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this  9  day of July 2012.

*Terence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8

Case 5:11-hc-02176-BO  Document 11  Filed 07/10/12  Page 8 of 8